# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

DESMOND A. HUNTER,

      Petitioner

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT
OF LABOR,

      Respondent

Petition for Review of the Final Decision and Order of the
United States Department of Labor Administrative Review Board
LABR No. 18-0044
LABR No. 18-0045

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      Desmond Hunter petitions for review of the decision of the Department of Labor's Administrative Review Board (ARB), which affirmed the Department of Labor's Administrative Law Judge (ALJ), in this Federal

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60426

Railroad Safety Act (FRSA) retaliatory termination action. We DENY the petition for review and AFFIRM the ARB's decision.

Hunter worked for CSX Transportation, Inc. ("CSX") since 1994. Three years into his employment, Hunter became a certified locomotive engineer. As an engineer, Hunter undertook engine inspections to look for defects and report possible safety problems. In the afternoon of July 9, 2016, Hunter identified a safety concern—a wheel slip fault—and reported the issue to his superior. Hunter continued working until roughly 3:00 A.M. on June 10, 2016, at which point he left work prior to the end of his shift. CSX initiated disciplinary proceedings against Hunter for leaving work before being relieved by a supervisor. CSX terminated Hunter on September 9, 2016.

A month later, Hunter filed a complaint under the FRSA to the Occupational Safety and Health Administration (OSHA), alleging that he was terminated in retaliation for reporting the wheel slip. OSHA dismissed Hunter's complaint. Hunter then filed a complaint with the Department of Labor. The ALJ found that Hunter did engage in protected activity under the FRSA by reporting the wheel slip, but that he failed to show his protected activity was a contributing factor in CSX's decision to terminate him. Alternatively, the ALJ found that CSX demonstrated it would have taken the same adverse action in the absence of his protected activity. The ARB affirmed the ALJ's decision, and Hunter timely filed a petition for review.

We review an administrative agency's findings of fact for substantial evidence. *Willy v. Admin. Review Bd.*, 423 F.3d 483, 490 (5th Cir. 2005). This standard is "highly deferential," *Mem'l Hermann Hosp. v. Sebelius*, 728 F.3d 400, 405 (5th Cir. 2013) (quoting *Bd. of Mississippi Levee Comm'rs v. U.S. E.P.A.*, 674 F.3d 409, 417 (5th Cir. 2012)), and requires only "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion," *id.* (quoting *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir.

No. 19-60426

1993)). "We are especially reluctant to disturb an agency determination where . . . the Board upholds the findings of an administrative law judge who conducted live hearings." *Ameristar Airways, Inc. v. Admin. Review Bd., U.S. Dep't of Labor*, 650 F.3d 562, 566 (5th Cir. 2011).

The FRSA promotes safety in railroad operations in efforts to reduce railroad-related accidents. 49 U.S.C.A. § 20101. To help achieve these goals, it protects employees who "report[], in good faith, a hazardous safety or security condition" from an employer's retaliatory action. *Id.* § 20109(b)(1)(A). A federal whistleblower statute, the FRSA has adopted the burden-shifting framework set forth in the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century. *Id.* § 42121(b). To make a claim for wrongful retaliation, an employee must show by the preponderance of the evidence that (1) he engaged in a protected activity, (2) the employer knew that he engaged in said activity, (3) he suffered an adverse personnel action, and (4) the protected activity was a contributing factor in the adverse action. *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475–76 (5th Cir. 2008). The burden then shifts to the employer to show by clear and convincing evidence that it would have taken that adverse action even in the absence of the employee's behavior. § 42121(b)(2)(B)(iii).

Hunter contends that the ARB abused its discretion in finding (1) that his protected activity did not contribute to CSX's decision to terminate him and (2) that CSX would have terminated him in the absence of his protected activity. The ALJ conducted a lengthy, live two-day hearing. During these proceedings, Hunter's supervisory employees all testified that leaving work without permission was a brand of insubordination and a serious offense subject to discharge. Additionally, the ALJ could not point to any evidence that showed the trainmaster's knowledge of Hudson's protected activity could be imputed to the relevant decisionmakers who terminated Hudson. After

3

reviewing the record, we conclude that the ALJ's findings of fact were based on substantial evidence.

PETITION DENIED.